828

In the Matter of the Arbitration between FOREIGN OPERATIONS, LTD., Petitioner, and SHERWIN MILLER et al., Respondents.

Supreme Court, Special Term, New York County, January 26, 1967.

*Novack & Richter* for petitioner. *Rothfeld & Rothfeld* for Sherwin Miller, respondent.

WILLIAM C. HECHT, JR., J. Motion to confirm the award of the arbitrator and for related relief is granted but entry of judgment thereon shall be stayed until 10 days after service of a copy of the order to be entered herein with notice of entry upon respondents' attorney, during which period respondents may seek modification or vacation of the award, if they see fit.

Respondent Miller contends that the instant motion is premature, asserting the novel proposition that CPLR 7511 (subd. [a]) bars any motion to confirm an arbitration award for a period of 90 days from promulgation of said award by the arbitrator, during which period a motion may be made to modify or vacate the award. Neither case law nor legislative history supports respondent's contention, and the court is not persuaded that it is a logical interpretation of the statute. The 90-day provision of CPLR 7511 (subd. [a]) is, like the 20-day provision of CPLR 7509 and the one-year provision of CPLR 7510, a limitations provision. While setting a maximum time limit for proceeding (which has been the subject of some comment and criticism, see, e.g., 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7510.04), it sets no minimum time limit nor does it impinge upon a party's right to move under the other afore-mentioned CPLR sections.

There are situations where speed in the entry of a judgment is essential to avoid evasion of an award. There are also situations, as in the instant case, where circumstances warrant some delay in order to avoid prejudice to a party resisting confirmation of an arbitration award. Absent explicit legislative direction, where the latter situation occurs relief may best be fashioned by the court on an *ad hoc* basis, as by adjournment of the motion, or giving a party additional time to submit papers,

or by staying the entry of judgment on the award for some reasonable period of time.

In this case, respondent's counsel asserts that there is "a strong possibility" that respondent will move to vacate or modify the award but that he has been unable to confer with respondent—who resides in Tulsa, Oklahoma—in the short time following receipt of the award and cannot proceed without doing so. However, said counsel fails to give the court any indication of possible grounds for such a motion.

Under the circumstances, the relief afforded herein seems equitable to all concerned.